COURT OF APPEALS Cont'd from Page 248

## No. 392
### KLINE v. STATE ex.

Ohio Appeals, 6th Dist., Sandusky Co.

No. 152. Decided March 16, 1925

129. BASTARDY—1. Only preponderance of evidence, is necessary to return a verdict in a bastardy case; the proceeding in itself being a civil action.

3. Exhibiting child to jury held not prejudicial error.

2. Testimony of defendant, to show his good moral character is not admissible.

RICHARDS, J.

Maple St. Clair, an unmarried woman had Clayton Kline arrested before a justice of the peace, charging he was the father of her unborn child. A hearing was had and Kline was placed under recognizance to appear in the Sandusky Common Pleas. Trial was had in that court, the first jury disagreeing and the second jury returning a verdict of guilty, nine of the twelve juries concurring therein. Judgment was rendered and Kline was charged in the sum of $1000 with the maintenance of the child.

Error was prosecuted to the Court of Appeals and Kline contended that the jury was not justified in returning a verdict based upon the concurrence of only nine of the twelve jurors: as such cases can be determined only by a unanimous verdict of the jury. Kline contended that exhibiting the child to the jury, and requiring him to stand was prejudicial error. Kline also claimed the court erred in rejecting testimony to show that he had borne a good moral character. The Appeals held:

1. A preponderance of the evidence only, is necessary to return a verdict in a bastardy case, and the proceeding is in itself essentially a civil one, and not subject to the requirement that the verdict can be returned only by the unanimous vote of the jury.

2. The requiring of Kline to stand, and the exhibiting of the child to the jury, were not prejudicial error; for the purpose of so exhibiting the child was to enable the jury to compare the child's features with those of Kline, and the court doubtless believed this could be best done by having Kline stand. Crow v. Jordan, 49 OS. 555.

3. In bastardy proceedings which are in their nature civil, it is generally held that the defendant may not, as in a criminal case, introduce evidence of his general good character, unless he has been impeached as a witness. Judgment of Common Pleas affirmed.

Attorneys—Bryon A. Fouche and D. B. Love, Fremont, for Kline; D. C. Sheffler, Pros. Atty., Fremont, and Earl D. Bloom, Bowling Green, for State.

## No. 393
### GUARDIAN FINANCING CO. v. DAVIDSON

Ohio Appeals, 9th Dist., Summit Co.

No. 998. Decided Dec. 10, 1924.

1002. RECEIVERS.

1. Appointment of receivers held improper when no suit pending.

2. Due notice and hearing prerequisite to appointment of receiver predicated on equitable rule.

WASHBURN, J.

This was an action brought by Davidson and others asking for the appointment of a receiver for the Guardian Financing Co. The court appointed a receiver before the petition was filed, before summons was issued and before notice was served upon anyone. Such petition and journal entry were then filed with the clerk and the bond of the receiver was filed, and a summons was later issued and served. The corporation then moved to dismiss the receiver for the reason that the court had no authority to appoint a receiver, there being no suit pending at the time of such appointment, and for the further reason that the allegations of the petition were not such as to authorize the appointment of a receiver without notice. This motion was overruled. In setting aside the appointment the court of appeals held:

1. The appointment of a receiver under such circumstances, when no suit was pending, was clearly unauthorized and void and the motion to discharge the receiver should have been properly granted.

2. As the action for the appointment of a receiver was based upon the power of a court of equity independent of any statute, a showing was necessary that such extraordinary jurisdiction was indispensably necessary to save or protect some clear right of the plaintiff which would otherwise be lost or greatly endangered and which could not be saved or protected by any other action or mode of proceeding, and a full hearing with due notice thereof was proper and necessary.

3. As the petition did not allege such a threatened action by the officers and directors of the corporation, or set forth a situation or emergency which authorized the appointment of a receiver without notice and hearing, the appointment by the court was clearly improper and a gross abuse of discretion.

Attorneys—Sieber, Sieber & Amer, for Guardian Financing Co.; Davis, Young & Vrooman, and Commins, Brouse, Englebeck & McDowell, for Davidson, et al; all of Akron.